1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| We The People, USA, Inc., | No. CV-07-1789-PHX-SMM |
| Plaintiff, | **STIPULATED PERMANENT INJUNCTION** |
| v. | |
| Paul Brown and Judy Brown, | |
| Defendants. | |

Pursuant to a settlement agreement, the parties have stipulated that the following Permanent Injunction (the "Injunction") may be entered by the Court. Therefore,

**IT IS HEREBY ORDERED** that,

1. Defendant Paul Brown ("Defendant") and, as applicable, his officers, members, agents, servants, and employees, and any other persons or entities in active concert or participation with Defendant, are permanently enjoined from:

   A. Directly or indirectly owning, maintaining, engaging in, or participating in the operation of a paralegal document preparation service at Defendant's current business addresses (15224 N. 59th Ave. #15, Glendale, AZ 85306), within Defendant's former Exclusive Territory, or within the exclusive territory of any We The People franchisee, for a period of two years, commencing on August 17, 2007;

   B. Using or disclosing to third parties We The People's trade secrets,

//

including but not limited to We The People's System, Confidential Operating Manual, and legal document workbooks; and

    C.    Making any use of the "We The People" name or distinctive Liberty Bell-like symbol, or any other trademarks, trade names, service marks, or symbols associated with We The People USA, Inc. (collectively, the "We The People Marks"), any colorable imitation thereof, or any other confusingly similar marks.

2.    Defendant is further ordered to immediately and permanently cease use of the We The People Marks in advertising, forms, manuals, slogans, signs or in any other manner. Defendant shall not represent or advertise that Defendant was formerly a We The People franchisee, or that Defendant did business under the We The People Marks or System.

3.    Defendant is further ordered to ensure, it his own expense, that all uses of the We The People Marks in connection with Defendant is removed at the earliest possible time from all telephone directories, directory assistance records, building directories, signboards, memberships rosters, and every other place and publication.

4.    Defendant is further ordered to take all action to cancel any assumed name or equivalent registration that includes any of the We The People Marks.

5.    Defendant is further ordered to deliver to We The People USA, Inc., or its duly authorized representative, all materials and papers on which the We The People Marks appear.

6.    Defendant is further ordered to assign to We The People USA, Inc. all of Defendant's interest in the telephone numbers that were used in connection with the operation of his We The People franchise, and shall execute all documents and instruments and give all instructions necessary to affect the transfer to We The People USA, Inc.

7.    Defendant is further ordered that he shall, at his own expense, make such changes to the signs, displays, and interior décor of his former We The People store as We The People USA, Inc. reasonably requests in order to effectively distinguish the premises from its former appearance and from the appearance of other We The People franchises.

- 2 -

Case 2:07-cv-01789-SMM    Document 8    Filed 09/25/2007    Page 2 of 3

| 1 | These changes shall be made within 30 days of the date such request is made by We the |
| 2 | People USA, Inc. |

8. Defendant is further ordered to return to We The People USA, Inc. the Confidential Operating Manual and all documents and records that are reasonably necessary or important to the continuation of Defendant's former We The People franchise, including but not limited to all client and customer lists and pertinent legal documents.

DATED this 25th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge